H. W. GLEASON, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Appeal: REVIEW: JUDGMENT NOT DISTURBED WHEN EVIDENCE IS CONFLICTING.

*Appeal from Keokuk District Court.*—HON. J. K. JOHNSON, Judge.

SATURDAY, FEBRUARY 7, 1891.

ACTION to recover an amount alleged to be due by virtue of an oral agreement to procure an option for the purchase of coal lands. There was a trial by the court without a jury, and a judgment in favor of the plaintiff for fifty-six hundred and seventy-two dollars and costs. The defendant appeals.—*Affirmed.*

*Chambers, McElroy & Roberts,* for appellant.

*G. W. Lafferty, E. S. Sampson* and *H. W. Gleason,* for appellee.

ROBINSON, J.—In the year 1881 the plaintiff and one W. N. Hoover entered into an agreement to procure and sell options for the purchase of coal lands in the vicinity of Oskaloosa. As the plaintiff was known to be in the coal business, it was arranged that Hoover should procure the options in his own name, and that the plaintiff should do most of the work required to sell them. They were to share equally in the profits of the business. Options were procured for a large amount of land as contemplated by the agreement. The plaintiff commenced negotiations for their sale to different persons, and finally effected a sale for the benefit of the defendant, through its agent, one H. W. McNeil. An agreement in writing was signed by the plaintiff and Hoover, which gave to S. S. Merill, trustee, the right to purchase certain coal lands, amounting to about twelve hundred and fifty acres, at the agreed price of one hundred dollars per acre. To procure that agreement, the defendant, by McNeil, agreed verbally with the plaintiff to pay him five thousand dollars, exclusive of the price named for the land. Of that sum, one thousand dollars were to be paid when the agreement should be signed, and the remainder when the title to the land should be vested in the trustee of the defendant. The first payment was made as agreed, and the defendant exercised the option which the agreement in writing gave, and procured the title to the land which it described, but refuses to pay the remainder of the five thousand dollars. This action is brought to recover that remainder. On a former submission of this cause, an opinion was filed reversing the judgment of the district court. A rehearing was ordered, and the cause is again submitted.

The appellant insists that the agreement in suit is void, as being against public policy. The evidence shows that one of the conditions of the agreement was that the plaintiff should not disclose it to any one, and the defendant insists that it was to be kept from the knowledge of Hoover, and that it was designed for and inured to the sole benefit of the plaintiff. The testimony of Hoover tends strongly to support the claim of the defendant. He states that he had no knowledge of the agreement; that the partnership matters between himself and the plaintiff have been settled, but that the agreement in suit was not referred to, and that no account of the money received and to be received by virtue of it was rendered. McNeil testifies that the condition as to secrecy was required by the plaintiff; and a witness named Wightman, who was present when the written option was delivered to McNeil, and the one thousand dollars were paid, corroborates McNeil, and states that the conversation then had was to the effect that the five thousand dollars were to belong to the plaintiff. On the other hand, the plaintiff, while admitting the condition of secrecy, claims that it was imposed by McNeil. He admits that Hoover had no knowledge of it until the settlement of their business transactions

in regard to the options was had, but he claims that at that time the agreement was mentioned, and taken into account in making the settlement. It appears that the option given to the defendant included one hundred and twenty acres, which were owned by Hoover, and eighty-four acres which belonged to his brother. The plaintiff claims that a commission was to be allowed for the sale of those tracts, of which his share was twenty-one hundred dollars ; that at the time of the settlement Hoover proposed to give his check for that amount ; that the plaintiff declined to accept it, on the ground that he had an arrangement with McNeil, by which he was to receive something additional, and he offered to offset that against his share of the commission tendered by Hoover, and his offer was accepted ; that Hoover said he knew of the arrangement between the plaintiff and McNeil, and that there was a full statement, which included the amount which the plaintiff had received and was to receive under the agreement in suit. The plaintiff also claims that the agreement was made for the benefit of Hoover as much as it was for himself, and that he had never intended to retain Hoover's share. The plaintiff is corroborated in what he says as to the settlement by W. W. Haskell, who was present when it was made, and testifies that it was agreed between the parties that Hoover and his brother should be allowed the full price for their land paid by the defendant, and that the plaintiff was to have the claim in suit.

There is much in the record which tends to support the theory of the defendant, and the district court might well have found that it was fully established. But this case is not triable here *de novo*, and the most that can be said is that there is such a conflict in the evidence that different persons might reach different conclusions from it. We cannot say that the judgment is so unsupported by the evidence that it should be set aside. The district court doubtless found that, in making the agreement in suit, the plaintiff acted in good faith, for the joint benefit of himself and his partner, and without intent to defraud ; and that in their settlement it was fully considered, and due account taken of the benefits it conferred. There was evidence to support these findings. The agreement is not shown to have been fraudulent as to the defendant. On the contrary, its interests may have been thereby promoted. We conclude that the agreement has not been shown to be void as against public policy, but that it is valid.

The conclusions we have announced make it unnecessary to determine other questions discussed by counsel. The judgment of the district court is AFFIRMED.